IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STANLEY EARL KEATHLEY**,

    Plaintiff,

vs.                                                                        **Civ. No. 10-0187 BB/ACT**

**THE UNIVERSITY OF NEW MEXICO SCHOOL OF LAW**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff Stanley Earl Keathley's Motion to Proceed *In Forma Pauperis*, filed March 1, 2010, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

**I. Keathley has failed to submit sufficient documentation.**

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that Keathley did not file, as required by 28 U.S.C. § 1915(a)(1), an "affidavit," which is a "statement of facts confirmed by oath before a judicial officer having authority to administer the oath," 2A C.J.S. *Affidavits* § 1 (2009); *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979), or signed under penalty of perjury, *see* 28 U.S.C. § 1746 (allowing federal requirements of an affidavit to be satisfied by a writing signed by the individual and "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"). Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Keathley's unsworn financial statement indicates that he has a monthly net income of $1534, that he has no dependents, and that he owns two cars, only one of which is not paid for. He lists expenses for the necessities of life as $668/month for rent and utilities; $88/month for auto insurance, $44/month for medicare premiums, and $45/month for prescriptions. The Court concludes that Keathley has not satisfied his obligation to present an affidavit showing that, because of his poverty, he cannot pay filing fees and supply himself with the necessities of life. *See Adkins*,

335 U.S. at 339; *Lister*, 408 F.3d at 1313.  If Keathley desires to file complaints in this Court, he must pay the filing fees.

## II.  Keathley fails to state a claim against the School of Law.

In screening the complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).  In screening the Complaint, the Court will accept as true Keathley's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Keathley.  *See id.* at 1217.

Keathley's Complaint is disjointed and virtually unintelligible, and appears to have nothing to do with Defendant University of New Mexico School of Law ("UNM").  He used a form complaint provided by the Court for plaintiffs who are suing under 42 U.S.C. § 1983.  *See* Complaint at 1.  When asked to explain why he believes that UNM was acting under "color of state law," he states:

> Location in New Mexico Corporation:
> - as to the people prejudices are a problem
> i) pet a dog may die due to our apartment arsein
> ii) property liability insurance, not able to recover
> iii) medical bill - additional this year the same/problems in family exist-rape

*Id.* As a second "defendant," Keathley lists the case number of a case from the Northern District of California, and states: "prejudices exist and persist anytime." *Id.* at 2. A case cannot be a defendant. In the area directing him to explain the background and nature of his complaint, Keathley refers to the California case and complains about it being dismissed. *See id.* He also indicates that it involved water contamination in Merced County and rising medical bills. *See id.*

In the section entitled Cause of Action, Count I is for "monetary prejudice." *Id.* at 3. Keathley states: "I'm with no recovery on all accidents except 7-14-09 auto accident; but to a lot of time to represent myself." *Id.* at 3. He refers to a 2007 California "traffic case" and "decision split."

In Count II, Keathley discusses a 2009 car accident and a suspended California license that was "Granted back 1-28-10 by Hearing Officer Ground." *Id.* He states: "The hard test of Mr. Ground -- I made a passing score by phone and at DMV location. The prejudice of time caused me to get more serious and file today for remeddy [sic] to enrol [sic] in law school." *Id.*

Count III states: "Alligations [sic] of victimization are continually ariseing [sic] to myself." *Id.* Keathley rambles about kids using drugs, police ignoring violence, "sickness from arsein [sic] happened causing blood in stools - the pet dog may die due to" and "large numbers complain about discrimination - then some die." *Id.* at 4.

In his request for relief, Keathley states: "May I represent myself due to these reputitious [sic] losses, no recovery, and refusal of legal representation. And as if a harsh act to get stopped the No. 1 complaint fast - and with a violent fist act. Pain happens until the losses become to large - and cancer or maybe death to soon. Please see my eyes, fill with anxiety and pain." *Id.* at 5.

Keathley attaches 41 pages of documents, including a copy of his application to be admitted to UNM, *see* Complaint Att. 1; a copy of a handwritten notice of appeal in a California case; a

California order suspending his drivers license; a copy of a California order regarding e-filing by pro se parties; copies of Ninth Circuit and California local rules; a copy of a letter from California's attorney general referring to Keathley's allegations that he was a victim of chromium and arsenic ingestion from well water and informing Keathley that the attorney general could not represent him; documents from a national Law School Admission Council acknowledging Keathley's applications; documents regarding Keathley's well-water complaints, hospital admissions, and articles about swallowing foreign objects; copies of Keathley's court records and his 2006 application in the Northern District of California for review of a decision by the social security administration; and various other documents. Except for his UNM application, which shows nothing other than that Keathley filled it out and submitted it to this Court, these documents are irrelevant to any claims Keathley may be trying to bring against UNM. The Court will not allow an opportunity to amend.

Keathley has alleged no facts to suggest a violation of § 1983 by showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Further, as a branch of the University of New Mexico, the School of Law is not a "person" and is entitled to Eleventh-Amendment immunity from suits brought under § 1983. *See Buchwald v. Univ. of N. M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998) (noting that "[t]The University of New Mexico is defined as a 'state educational institution' under the New Mexico Constitution, N.M. Const. art. XII, § 11, which further provides that '[t]he . . . universities . . . provided for by this constitution shall forever remain under the exclusive control of the state,' *id.* § 3. In addition, New Mexico law defines 'state agency' as 'any department, institution, board, bureau, commission, district or committee of government of the state of New Mexico and means every office or officer

of any of the above.' N.M. Stat. Ann. § 6-3-1. . . . Consequently, we have no doubt that UNMSM, its Regents, and the Committee on Admissions are 'arms of the state,' entitled to Eleventh Amendment immunity."). Nor do Keathley's allegations state a cognizable claim of any kind against UNM, and his Complaint must be dismissed under § 1915(e)(2)(B)(ii). *See Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include claims that were never presented") (citation and internal quotation marks omitted); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that "a district court may, without abusing its discretion, enter [] an order [dismissing a complaint without prejudice] without attention to any particular procedures"); *Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. Appx. 407, *409, 2003 WL 191461, **2 (10th Cir. Jan. 29, 2003) (per curiam) (affirming *sua sponte* dismissal of complaint for failure to allege sufficient facts to state a claim and without giving opportunity to amend).

**IT IS ORDERED** that Keathley's motion to proceed IFP [Doc. 2] is DENIED, and his Complaint is DISMISSED without prejudice under § 1915(e)(2)(A) and (B).

_____
UNITED STATES DISTRICT JUDGE